***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted October 4; in Case No. 20CR37832, affirmed; in Case No. 20CR22971, conviction on Count 2 reversed and remanded, otherwise affirmed December 14, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ARIEL MAE GOMEZ,
*Defendant-Appellant.*

Linn County Circuit Court
20CR22971, 20CR37832;
A175896 (Control), A175897

Brendan J. Kane, Judge.

Mark J. Kimbrell, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Erica Herb, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

MOONEY, J.

In Case No. 20CR37832, affirmed. In Case No. 20CR22971, conviction on Count 2 reversed and remanded; otherwise affirmed.

### MOONEY, J.

Twice in one day, defendant was involved in traffic stops. She was the driver in the first stop and a passenger in the second stop. Defendant was found to be in possession of illegal drugs at each stop. Charges were filed and, ultimately, defendant entered conditional "no contest" pleas and was convicted of unlawful possession of heroin (Count 2) in Case No. 20CR22971 and of unlawful possession of methamphetamine in Case No. 20CR37832. The trial court dismissed the offensive littering charge (Count 1) in Case No. 20CR22971 on the state's motion. Defendant appeals from the judgment of conviction in each case, assigning error to the trial court's denial of her motions to suppress evidence obtained by law enforcement officers during the traffic stops. Defendant specifically argues that the officers who conducted the stops impermissibly extended those stops in violation of defendant's constitutional rights under Article I, section 9, of the Oregon Constitution.[1] The cases were consolidated for purposes of appeal.

The state agrees that the heroin obtained during the second traffic stop should have been suppressed and thus concedes defendant's second assignment of error which relates to Count 2 in Case No. 20CR22971. We accept that concession as proper, conclude that the trial court erred in denying the motion, and reverse and remand Count 2 in Case No. 20CR22971. However, for the reasons set forth below, we conclude that the trial court did not err in denying defendant's motion to suppress in Case No. 20CR37832, and we affirm that judgment.

We review the trial court's decision to deny a motion to suppress evidence for errors of law and accept the facts found by the trial court as true so long as there is constitutionally sufficient evidence in the record to support them. *State v. Sherriff*, 303 Or App 638, 640, 465 P3d 288 (2020).

Here, the relevant facts are not in dispute. At 3:00 a.m., sheriff's deputies Bolton and Kapchinocov, seated in their respective patrol cars, observed defendant driving

---

[1] Article I, section 9, protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search or seizure[.]"

at a high rate of speed and initiated a traffic stop. Upon contacting defendant, Bolton noticed behaviors that led him to suspect that defendant was under the influence of a central nervous system (CNS) stimulant. Bolton asked defendant about her drug use, and defendant reported that she had taken Ritalin, a prescription stimulant, 10 hours earlier. She also admitted to using methamphetamine earlier in the day at an unspecified time. At that point, Bolton believed that he had reasonable suspicion that defendant was driving under the influence of intoxicants (DUII). He then asked defendant if she had any methamphetamine in the car. In response, defendant handed Bolton a bag of methamphetamine and a pipe. At trial, the state offered the methamphetamine and pipe as evidence against defendant who, in turn, moved unsuccessfully to suppress that evidence. It is the denial of that motion that is now before us on appeal.

Defendant does not argue that the traffic stop was illegal, and she does not dispute that Bolton had developed reasonable suspicion that she was driving under the influence. She argues instead that, when Bolton asked her whether she had any methamphetamine in the car, he had already satisfied his DUII investigation and that the inquiry illegally extended the stop beyond constitutionally permissible bounds. The state counters that Bolton asked defendant whether she had any methamphetamine with her as part of the DUII investigation, and that he did not impermissibly extend the traffic stop. We agree with the state.

Under Article I, section 9, of the Oregon Constitution, an officer who develops reasonable suspicion of criminal activity during a traffic stop "may investigate the suspected crime and does not unlawfully extend the stop by doing so." *State v. Rondeau*, 295 Or App 769, 773, 436 P3d 49 (2019). An investigating officer's questions during a traffic stop must either be "reasonably related" to the purpose of the stop or have some other independent constitutional justification, such as reasonable suspicion that a crime has been committed. *State v. Arreola-Botello*, 365 Or 695, 712, 451 P3d 939 (2019). A driver's possession of alcohol or controlled substances "certainly can be relevant evidence to prove" that a driver has committed the crime of DUII. *State v. Williams*, 297 Or App 384, 388, 441 P3d 242 (2019). Here,

Bolton reasonably suspected that defendant had been driving while under the influence of intoxicants. His question whether defendant had any drugs in the car was a fact-specific question reasonably related to his DUII investigation. The question did not impermissibly extend the scope of the traffic stop. The trial court did not err by denying defendant's motion to suppress.

In Case No. 20CR37832, affirmed. In Case No. 20CR22971, conviction on Count 2 reversed and remanded; otherwise affirmed.